UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIRST COAST ENERGY, L.L.P.,

    Plaintiff,

vs.                                                Case No.  3:12-cv-281-J-32MCR

MID-CONTINENT CASUALTY COMPANY,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery (Doc. 16) filed October 22, 2012.  Defendant filed a response in opposition to this Motion on November 8, 2012.  (Doc. 17).  Accordingly, the matter is now ripe for judicial review.

## I. BACKGROUND

The instant litigation involves Plaintiff's claims against Defendant for insurer bad faith. On August 28, 2012, Plaintiff served discovery requests on Defendant.  On October 11, 2012, Defendant responded to the discovery requests and objected to several of the requests on the basis that Plaintiff failed to post a cost bond in accordance with Florida Statute §624.155.  Accordingly, Plaintiff brought the instant motion seeking an order compelling Defendant to respond to Interrogatories 6 and 7 and Requests to Produce numbers 3, 5 through 9, and 12 through 18.  Additionally, Plaintiff seeks an award of $905.00 as sanctions against Defendant.

## II.  DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Defendant objected to several of Plaintiff's discovery requests on the grounds that before Plaintiff may obtain discovery relating to its claim for punitive damages, it must first pay the costs of such discovery in advance or post a cost bond as required by Florida Statutes §624.155(5).  This statute provides a party may only recover punitive damages if "the acts giving rise to the violation occur with such frequency as to indicate a general business practice" and the acts are either "[w]illful, wanton, and malicious; [i]n reckless disregard for the rights of any insured; or [i]n reckless disregard for the rights of a beneficiary under a life insurance contract."  Fla.

Stat. §624.155(5). Additionally, the statute provides: "any person who pursues a claim [for punitive damages] shall post in advance the costs of discovery. Such costs shall be awarded to the authorized insurer if no punitive damages are awarded to the plaintiff." Id. Accordingly, Defendant takes the position that Plaintiff cannot obtain discovery pertaining to its punitive damages claims until it posts a cost bond for the discovery.

Plaintiff responds by citing two decisions by this Court holding that no such bond is necessary, including Precisionaire, Inc. v. Liberty Mutual Ins. Co., No. 8:04-cv-1939, 2006 WL 2508090 (M.D. Fla. Aug. 29, 2006). Defendant acknowledges the Precisionaire decision, but argues the undersigned should not follow it. Defendant notes that in Precisionaire, the court observed that the Eleventh Circuit had not addressed the issue of whether Florida Statute §624.155(5) should apply in federal court, but that other federal courts had declined to require a district court to follow a state's practice regarding cost bonds. Precisionaire, 2006 WL 2508090, at *1. Indeed, the court cited a Colorado decision in which the court found a statute requiring a party to post a bond was procedural in nature and therefore, "the policies underlying Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) did not militate toward applying the state statute in federal court." Id. (citing Hartnett v. Catholic Health Initiatives Mt. Region, 47 F.Supp.2d 1255, 1256 (D. Colo. 1999)).

Defendant takes the position that Florida's statute is different than the Colorado statute and, unlike the Colorado statute, is substantive in nature. Therefore, Defendant argues this Court should apply the requirement of posting a bond prior to obtaining discovery regarding punitive damages. Specifically, Defendant points out that the

Colorado statute simply requires a non-resident plaintiff to post a cost bond if ordered by the Court and failure to do so, will result in dismissal of the suit. On the other hand, the Florida statute provides that a plaintiff seeking punitive damages in a bad faith action against an insurer must post a cost bond prior to engaging in discovery and if the plaintiff does not obtain an award of punitive damages, the cost bond is forfeited to the defendant. Because of this second provision, Defendant believes the statute is substantive rather than merely procedural in nature.

As Defendant correctly notes, the Erie doctrine requires federal courts sitting in diversity to apply the law of the forum state to substantive issues, and federal law to procedural issues. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427, 116 S.Ct. 2211, 2219 (1996) (citing Erie, 304 U.S. 64, 58 S.Ct. 817). Distinguishing between substantive and procedural law, however, is often challenging. Gasperini, 518 U.S. at 427, 116 S.Ct. at 2219 ("classification of a law as 'substantive' or 'procedural' for Erie purposes is sometimes a challenging endeavor"); Lundgren v. McDaniel, 814 F.2d 600, 605-06 (11th Cir. 1987) (observing that "[t]he distinction between substance and procedure has proved highly elusive").

In order to distinguish substantive from procedural statutes, the Supreme Court has established a two-step test. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136 (1965). First, a court must determine whether the state statute in question is in "direct collision" with any Federal Rule of Civil Procedure. Hanna, 380 U.S. at 472, 85 S.Ct. at 1144. If so, the Federal Rule controls, unless it modifies, enlarges, or abridges a substantive right. See Rules Enabling Act, 28 U.S.C. 2072(b). If there is no direct

collision with any Federal Rule of Civil Procedure, then the state statute would control if failure to apply it would thwart the aims of Erie.  See Hanna, 380 U.S. at 468, 85 S.Ct. at 1142.

In the instant matter, there is no requirement in the Federal Rules of Civil Procedure for a cost bond when a plaintiff seeks punitive damages, so the statute and the rule cannot be said to be in direct collision.  See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc., 697 F. Supp. 2d 1349, 1357-58 (S.D. Fla. 2010) (holding "[i]t is well settled that when there is no federal rule controlling on an issue, courts should use the 'outcome determinative test' to determine whether a state's rule is actually substantive, or merely procedural . . .").

Once it has been determined that the state law does not conflict with a Federal Rule of Civil Procedure, the court must determine whether the principles underlying the Erie doctrine require enforcement of the state rule in federal court.  "[F]ederal courts sitting in diversity must enforce state rules that are clearly substantive, 'intended to be bound up with the definition of the rights and obligations of the parties.'"  Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 990-91 (S.D. Cal. 1999) (quoting Byrd v. Blue Ridge Rural Electrical Co-op., Inc., 356 U.S. 525, 536, 78 S.Ct. 893, 900 (1958)).  "State rules that define the elements of a cause of action, affirmative defenses, presumptions, burdens of proof, and rules that create or preclude liability are so obviously substantive that their application in diversity actions is required." Computer Economics, Inc., 50 F. Supp. 2d at 990.

If a state rule is not clearly substantive, the court must determine whether failure to apply it would thwart the aims of Erie. The two aims of Erie are the discouragement of forum shopping and the avoidance of inequitable administration of the laws, i.e., the likelihood that the applicability of particular substantive rights and duties would turn on the forum in which the action is brought. Hanna, 380 U.S. at 468, 85 S.Ct. at 1142. Thus, the state rule should apply when the failure to do so would significantly affect the outcome of the litigation, encourage forum shopping, or result in "inequitable administration of the laws." Gasperini, 518 U.S. at 428, 116 S.Ct. at 2220 (quoting Hanna, 380 U.S. at 468, 85 S.Ct. at 1142). "Under this analysis, courts may apply ostensibly procedural rules when their non-application would create an incentive for plaintiffs to file actions in federal court." Computer Economics, Inc., 50 F. Supp. 2d at 991 (citing Woods v. Holy Cross Hospital, 591 F.2d 1164, 1168 (5th Cir. 1979) (federal court must apply state statute requiring malpractice plaintiffs to submit claims to screening panel because statute serves state's substantive policies and failure to apply it would encourage forum shopping); Stoner v. Presbyterian University Hospital, 609 F.2d 109, 110 (3rd Cir. 1979) (federal court must apply state statute requiring plaintiffs to first submit claims to non-binding arbitration: although statute was more procedural than substantive, failure to apply it would relieve diversity litigants of legal burdens imposed on litigants in state court); RTC Mortg. Trust 1994 N-1 v. Fidelity Nat. Title Ins. Co., 981 F.Supp. 334, 346-47 (D.N.J. 1997) (federal court must apply state statute requiring malpractice plaintiffs to furnish defendant with affidavit from a licensed professional attesting to the merit of plaintiff's claims within 60 days after filing of answer)).

Finally, the court must determine if the state's interest in uniform enforcement of its laws is outweighed by any "countervailing federal interests." Gasperini, 518 U.S. at 432, 116 S.Ct. at 2222; Byrd, 356 U.S. 525, 537, 78 S.Ct. 893. For example, in Byrd, the Supreme Court held that the strong federal interest in the function of the jury "an interest embodied in the Seventh Amendment," required a federal court to submit disputed factual questions to a jury, even in light of a contrary state practice. Id. at 537-38, 78 S.Ct. at 900-01.

Utilizing these considerations in the instant case, the undersigned finds application of Florida Statute §624.155(5) in this Court is appropriate. First, while the statute appears primarily procedural in nature, it does have a substantive element. If the state statute only required Plaintiff to post a cost bond, the Court would agree that it is simply procedural and like the Colorado statute in Hartnett, not applicable in federal court. However, Florida Statute §624.155(5) provides that if the plaintiff does not recover punitive damages, he forfeits the amount of the cost bond to the defendant. This provision certainly appears to be more substantive in nature and is analogous to the statute at issue in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221 (1949). In Cohen, the Supreme Court addressed the following question:

> whether a federal court, having jurisdiction of a stockholder's derivative action only because the parties are of diverse citizenship, must apply a statute of the forum state which makes the plaintiff, if unsuccessful, liable for the reasonable expenses, including attorney's fees, of the defense and entitles the corporation to require security for their payment.

Cohen, 337 U.S. at 543, 69 S.Ct. at 1224.  The Court rejected the plaintiff's argument that the statute at issue was "procedural," and therefore, not required to be applied in the federal court.  Indeed, the Court stated:

> [T]his statute is not merely a regulation of procedure.  With it or without it the main action takes the same course.  However, it creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims.  Such liability is not usual and it goes beyond payment of what we know as "costs." . . .  We do not think a statute which so conditions the stockholder's action can be disregarded by the federal court as a mere procedural device.

Id. at 555-56, 69 S.Ct. at 1229-1230.

Like the statute at issue in Cohen, Florida Statute §624.155(5) creates a new liability in the amount of the bond for discovery costs incurred by a defendant in a case in which the plaintiff fails to obtain an award of punitive damages.  Like in the Cohen case, this liability for a plaintiff is unusual and beyond what is normally awarded as costs.  As such, the statute is both procedural and substantive and as such, is applicable in federal court.

Additionally, it appears that failure to apply Florida Statute §624.155(5) in diversity cases would influence a plaintiff's choice of forum.  A plaintiff with a potentially weak claim for punitive damages would certainly prefer to bring his claim in federal court and avoid the requirement of advancing the costs of discovery and the potential of

having to forfeit those costs to the defendant if his claim for punitive damages is unsuccessful.[1]

Finally, the Court sees no countervailing federal interest which would outweigh Florida's interest in enforcement of Florida Statute §624.155(5).  The statute protects Defendants from potentially expensive discovery and encourages plaintiffs to propound thoughtful and narrowly tailored discovery requests.  These considerations are in line with the federal rules of civil procedure.

While there is a dearth of cases interpreting this statute, at least one other district court has stated in dicta that the requirement in Florida Statute §624.155(5) of posting a cost bond prior to engaging in discovery on punitive damages would be applicable in federal court.  See Harrington v. Twin City Fire Ins. Co., Case No. 01-8442-CIV (S.D. Fla. June 7, 2002) (the court granted a plaintiff's motion to compel despite defendant's argument that plaintiff failed to post the discovery cost bond prior to seeking discovery on punitive damages).  The Harrington court found that the requirement of posting a cost bond in the Florida statute would be applicable in federal court, however, it was not necessary in that case because the defendant had failed to show that the discovery sought was either difficult or costly to produce.  The court cited Dunn v. National Security Fire and Casualty Co., 631 So.2d 1103, 1110 (Fla. 5th DCA 1993) for the proposition that the purpose of the provision allowing for advance costs of discovery was to account for the fact that "discovery far beyond a single claim file or litigation may

---

[1] The Court does note, however, that Plaintiff in the instant case chose to bring its claims in state court and Defendant removed it to this Court.

be necessary and discovery of more than one claim file or litigation file could be 'exceedingly costly.'" The Harrington court further noted that "[a]ccording to Dunn, 'the advance posting of costs provision of [] §624.155(4) is not applicable' unless the discovering party 'seeks discovery of a general business practice through requesting access to multiple files . . .'"

To that end, the majority of Plaintiff's discovery requests seek access to multiple files, however, certain requests do not. Therefore, to the extent a request does not seek access to multiple files, Plaintiff is not required to post the costs of discovery. Accordingly, Defendant is directed to produce responses to Plaintiff's Requests to Produce Numbers 5, 6, 9, 12, 14, and 15. Defendant shall provide these responses no later than **Monday, December 3, 2012**.

As for the remaining discovery requests, they appear to seek access to multiple files and therefore, would be covered by section 624.155(5)'s requirement of posting in advance the costs of the discovery. The parties shall confer in an attempt to reach an agreement as to the reasonable costs to produce the requested documents. The Court is hopeful the parties can reach agreement without further Court intervention, however, if they are unable to do so, Defendant shall file a motion for the Court to determine the amount of the costs. This motion shall be filed no later than **Monday, December 10, 2012**. Along with the motion, Defendant should include affidavits and other evidence supporting its proposed amount of costs.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel Discovery (Doc. 16) is **GRANTED in part and DENIED in part** as provided in the body of this Order. The Court finds Defendant's non-disclosure was substantially justified and therefore, will not award Plaintiff's expenses in filing this Motion.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of November, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record