**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FIRST COAST ENERGY, L.L.P.,

       Plaintiff,

v.                                                                  Case No:  3:12-cv-281-J-32MCR

MID-CONTINENT CASUALTY
COMPANY,

       Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 45) filed

April 24, 2013.  In the Motion, Plaintiff seeks an Order compelling Defendant to respond

to several of its requests for production.  In lieu of that, Plaintiff asks the Court to compel

Defendant to file a more definite privilege log and/or conduct an *in camera* review.

Defendant  filed a response in opposition to this motion (Doc. 53) on May 10, 2013.

Accordingly, the matter is now ripe for judicial review.

**I.  BACKGROUND**

On March 14, 2012, Plaintiff filed this first party bad faith action against

Defendant pursuant to Florida Statutes §624.155.  According to Plaintiff, it obtained a

judgment in state court finding coverage following Defendant's denial of a claim for

clean-up costs for petroleum contamination at one of Plaintiff's gas stations.  (Doc. 3).

The final judgment was entered in Plaintiff's favor on September 28, 2010.  Thereafter,

the First District Court of Appeal affirmed the trial court's finding of liability against

Defendant and issued its mandate on November 2, 2011.

Plaintiff served Defendant with its first request for production of documents in the instant bad faith action on August 28, 2012.  According to Plaintiff, there are eight requests still at issue (Requests Numbers 1, 3-4, 10-11, and 16-18).  Defendant argues that it has properly objected to these requests on the basis that they seek information protected by the attorney-client privilege and the work product doctrine and/or do not seek relevant information.

## II.  ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court.  Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, Plaintiff argues Defendant's objections are improper for several reasons: (1) Defendant waived its right to claim attorney-client privilege by placing the advice of its counsel at issue in this case, (2) the documents being withheld

by Defendant are not protected by either the attorney-client privilege or the work product doctrine and (3) the legal invoices it seeks are discoverable.  In the alternative, Plaintiff asks the Court to compel Defendant to provide a more definite privilege log and/or to conduct an *in camera* inspection of the documents at issue.  The Court will address each of Plaintiff's contentions separately.

### A.    Waiver of the Attorney-Client Privilege

Plaintiff alleges Defendant waived its right to assert the attorney-client privilege by placing the advice of its counsel at issue in this case.  Specifically, Plaintiff claims Defendant is relying on the legitimacy of its coverage defenses to support its denial of Plaintiff's claim.   Defendant responds that at no time did it ever raise advice of counsel as a defense.  Instead, as its Motion for Summary Judgment (Doc. 39) demonstrates, Defendant is taking the position that based on the record evidence, including expert testimony, it acted in good faith in raising valid policy provisions and exclusions which supported its decision to deny Plaintiff's claim.

The Court agrees with Defendant that it has not placed the advice of its counsel at issue and therefore, has not waived the attorney-client privilege.  The Court is not aware of and Plaintiff has not pointed to any examples of Defendant relying on any communications or advice from its counsel to support its decision to deny coverage. Without such reliance, Defendant has not placed the advice of its counsel at issue.  The mere fact that there may exist communications from Defendant's counsel either supporting Defendant's decisions or pointing out faults in the decisions is not enough to constitute a waiver.  As such, the undersigned finds Defendant has not waived the attorney-client privilege.

**B.      Whether the Attorney-Client Privilege or Work Product Doctrine Apply**

Next, Plaintiff argues that neither the attorney-client privilege nor the work product doctrine apply to the documents at issue.  Specifically, Plaintiff notes that Defendant has withheld entire claims files on the grounds that they are protected by either the attorney-client privilege or the work product doctrine.  Plaintiff argues that the Florida Supreme Court case of Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121 (Fla. 2005) stands for the proposition that all documents in a claims file that were created "up to and including the date of the resolution of the underlying disputed matter and pertain in any way to coverage, benefits, liability, or damages," should be produced in a bad faith action.  Plaintiff appears to believe this is true for both work product materials and those arguably covered by the attorney-client privilege.

In response, Defendant points to Genovese v. Provident Life and Accident Ins. Co., 74 So.3d 1064 (Fla. 2011), in which the Florida Supreme Court held that its prior decision in Ruiz, permitting the discovery of work product in first-party bad faith actions, did not apply to attorney-client privileged communications in the first-party bad faith context.  Genovese, 74 So.3d at 1067.  The Genovese decision took an in-depth look at the attorney-client privilege and determined that based on the differences between the work product doctrine and the attorney-client privilege and the reasons for permitting discovery of work product in the bad faith context, attorney-client communications were not discoverable even though work product was.  Accordingly, Plaintiff's attempts to argue that documents contained in the claims files, which were produced up to the date of resolution of the underlying dispute, must be produced regardless of whether they would ordinarily be protected by the attorney-client privilege is unavailing.

Turning to Defendant's claims of protection based on work product, Defendant appears to attempt to get around the holding in Ruiz by arguing that issues regarding work product are governed by federal law.  (Doc. 53, p. 12).  Defendant takes the position that Plaintiff has failed to satisfy the burden under Rule 26(b)(3) of the Federal Rules of Civil Procedure of showing: (1) a substantial need for the materials and (2) undue hardship in obtaining the substantial equivalent.  As this Court observed in Cozort v. State Farm Mut. Auto Ins. Co, 233 F.R.D. 674, 676 (M.D. Fla. 2005):

> The work product at issue in the underlying coverage litigation was created with respect to the then pending *state* court case.  As the coverage litigation was initiated, litigated, and resolved solely in state court, Rule 26 of the Federal Rules of Civil Procedure does not apply to any work product relating to that litigation.  Any work product protection that attaches to documents created in connection with state court proceedings must necessarily flow from state law.  Here, that law is set forth in Ruiz.  The documents must be produced.

(emphasis in original).  Similarly, in the instant case, Rule 26 does not apply and instead Ruiz controls and dictates that all material in both the claims files and the litigation files[1] prepared up to and including the date of resolution of the underlying coverage dispute must be produced.  Accordingly, Defendant is directed to produce any documents previously withheld on the basis of work product contained in the claims files at issue in this case prepared up to and including the date of resolution of the underlying coverage dispute.

---

[1]  Although Defendant attempts to distinguish the litigation file from the claims file, "Ruiz specifically subsumes 'related litigation file material' within the claim file material with the category of insurer claim files subject to blanket discovery in the insurance bad faith context." Mayfair House Assoc., Inc. v. QBE Ins. Corp., No. 09-cv-80359, 2010 WL 472827, *3 (S.D. Fla. Feb. 5, 2010).  The Court does, however, agree with Defendant that it need only produce the litigation file in the underlying claim.

Additionally, Defendant is directed to produce any material previously withheld on the basis of work product contained in any other insureds' claims files, which relate to and/or illuminate the manner in which Defendant handles other Pollution Liability and Environmental Damage claims in the general course of business.  Defendant's handling of the other claims files is "an issue directly bearing on [Defendant's] punitive damage liability exposure under statutory language authorizing recovery of such damages where [Defendant's] bad faith claims practices occur 'with such frequency as to indicate a general business practice.'"  <u>Mayfair House Assoc.</u>, 2010 WL 472827, at *3.  The <u>Mayfair House</u> court held that the reasoning of <u>Ruiz</u> applied to permit discovery of other insured claims file material sought in an effort to establish an insurance company's general claims handling practices for purposes of punitive damages in the same manner as the insured's own claim file.  Defendant shall produce these materials no later than **Friday, May 24, 2013**.

While the Court agrees with Defendant that pursuant to <u>Genovese</u>, documents representing attorney-client communications may still be protected, the Court's inquiry cannot end there.  Instead, the Florida Supreme Court in <u>Genovese</u> recognized that often the insurer has hired an attorney to both investigate the underlying claim and to render legal advice.  <u>Genovese</u>, 74 So.3d at 1068.  In such situations, the materials requested by the opposing party may implicate both the work product doctrine and the attorney-client privilege.  Accordingly, the court held:

> where a claim of privilege is asserted, the judge should conduct an *in camera* inspection to determine whether the sought-after materials are truly protected by the attorney-client privilege or whether the materials pertain to the investigation or evaluation of the underlying claim.  To the extent that the materials would implicate the work product

> rule and not the attorney-client privilege, the rationale of <u>Ruiz</u>
> would apply and those portions of the materials would be
> discoverable.

<u>Genovese</u>, 74 So.3d at 1070 (Pariente, J., concurring).  Accordingly, the undersigned

directs Defendant to produce the documents it claims are protected by the attorney-

client privilege for an *in camera* inspection.  Defendant should have the documents

hand delivered to the undersigned's chambers no later than **Thursday, May 30, 2013**.[2]

In addition to providing the documents, Defendant shall provide the Court and Plaintiff

with a revised privilege log only referencing the documents being withheld on the basis

of the attorney-client privilege.  The Court will then enter an order regarding its findings

on the documents and whether any portion of them should be produced to Plaintiff.

### C.    Whether the Legal Invoices are Discoverable

Finally, Plaintiff argues that Defendant has improperly failed to produce legal

invoices.  Plaintiff believes these invoices are discoverable and Defendant responds

that they are not relevant and even if they were relevant, they are protected by the

attorney-client privilege or the work product doctrine.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim

or defense . . ."  Courts construe relevancy "broadly to encompass any matter that

bears on, or that reasonably could lead to other matter[s] that could bear on, any issue

that is or may be in the case."  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351,

98 S.Ct. 2380 (1978) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501, 67 S.Ct. 385

(1947)).  Relevant information is discoverable even if it is not admissible at trial, "if the

---

[2] Counsel for Defendant should include with the documents an indication as to whether the Court should return the documents to counsel after the inspection or should destroy them.

discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Rule 26(b)(1), Fed.R.Civ.P.  The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.  <u>Moore v. Armour Pharmaceutical Co.</u>, 927 F.2d 1194, 1197 (11th Cir. 1991).

"Thus, although the undersigned is aware that the threshold for determining whether discovery is relevant is relatively low, the 'proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant.'"  <u>Diamond State Ins. Co. v. His House, Inc.</u>, No. 10-20039-CIV, 2011 WL 146837, *5 (S.D. Fla. Jan. 18, 2011) (quoting <u>Peacock v. Merrill</u>, No CA 05-0377-BH-C, 2008 WL 176375, *8 (S.D. Ala. Jan.17, 2008)).  Here, Plaintiff has not met that burden with respect to this request.  The Court does not believe and Plaintiff has not set forth any argument supporting its claim that the legal invoices are relevant to the instant litigation.  Therefore, the Court will deny Plaintiff's request for production of legal invoices.

Accordingly, after due consideration it is hereby

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 45) is **GRANTED in part and DENIED in part**. Defendant is directed to provide copies of all documents previously withheld on the basis of work product contained in either the claims files at issue in this case or any other insureds' claims files, which relate to and/or illuminate the manner in which Defendant handles other Pollution Liability and Environmental Damage claims in the general course of business, no later than **Friday, May 24, 2013**.

Additionally, Defendant shall provide the Court with copies of the documents being withheld on the basis of the attorney-client privilege from both Plaintiff's claim file and any other insureds' claims files which relate to and/or illuminate the manner in which Defendant handles other Pollution Liability and Environmental Damage claims in the general course of business no later than **Thursday, May 30, 2013**.  At this time, Defendant will also provide the Court and Plaintiff with a revised copy of its privilege log showing only those documents being withheld on the basis of attorney-client privilege.

**DONE** and **ORDERED** in Jacksonville, Florida this 15th day of May, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record