UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIRST COAST ENERGY, L.L.P.,

    Plaintiff,

vs.                                                 Case No: 3:12-cv-281-J-32MCR

MID-CONTINENT CASUALTY
COMPANY,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Objections to Order Dated May 15, 2013 (Doc. 57), which the Court shall treat as a Motion for Reconsideration. Plaintiff filed a response to the objections (Doc. 61) on June 10, 2013. On October 10, 2013, Judge Corrigan issued an Order (Doc. 74) in which he stated that "[b]ecause Defendant's objections raise an issue that is not directly addressed in the Magistrate Judge's Order, the Court has decided to treat the objections as a motion for reconsideration, which should be heard in the first instance by the Magistrate Judge." Accordingly, the matter is ripe for judicial review.

## I. BACKGROUND

Plaintiff, First Coast Energy, filed this first party bad faith suit against Defendant, Mid-Continent Casualty Company, pursuant to Florida Statutes § 624.155. (Doc. 3). The suit arises from Defendant's denial of coverage under a Pollution Liability and Environmental Damage Policy for costs related to the clean-up after a petroleum contamination at one of Plaintiff's gas stations. Id. The coverage determination issue

was litigated in state court, and resulted in a finding of coverage for the claim. (Doc. 3). This finding was affirmed on appeal. See Mid-Continent Cas. Co., et al. v. First Coast Energy, L.L.P., et al., 71 So.3d 899 (Fla. 1st DCA 2011). After receiving the favorable ruling on coverage, Plaintiff filed this subsequent bad faith action in state court in January, 2012. (Doc. 3). On March 14, 2012, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332.

### A. **Plaintiff's Motion to Compel**

During pretrial discovery, Plaintiff propounded its first Requests for Production of Documents, to which Defendant timely provided responses and objections. (Doc. 45). On April 24, 2013, Plaintiff filed a Motion to Compel (Doc. 45) seeking an order directing Defendant to provide more complete responses to eight (8) separate requests. Specifically, Plaintiff took issue with Defendant's withholding of documents on the basis of the attorney-client privilege and the work product doctrine.

### B. **The Court's Order on the Motion to Compel**

On May 15, 2013, the undersigned issued an Order (Doc. 54) granting in part and denying in part the Motion, with instructions to Defendant to produce any documents previously withheld on the basis of work product contained in either the claims files at issue in this case or any other insureds' claims files, which related to and/or illuminated the manner in which Defendant handled other Pollution Liability and Environmental Damage claims in the general course of business. (Doc. 54, p.8). Additionally, Defendant was instructed to provide the Court with copies for an *in camera* review of the documents being withheld on the basis of the attorney-client privilege from both Plaintiff's claim file and any other insureds' claims files which related to and/or

illuminated the manner in which Defendant handled other Pollution Liability and Environmental Damage claims in the general course of business.[1]  (Doc. 54, p.9).

C. **Defendant's Objections to Order on Motion to Compel**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendant timely filed objections to the Order granting in part and denying in part the Motion to Compel. (Doc. 57).  Defendant specifically objects to the Court's Order insofar as it requires Defendant to produce information from open and/or pending claims files.

## II.  ANALYSIS

Defendant's primary concern with the Court's Order is that it requires Defendant to turn over documents from claim files in cases where coverage has yet to be determined.  Defendant cites numerous cases for the proposition that "an insurer's claim file is not discoverable until the insurer's obligation to provide coverage has been established." (Doc. 57, p.5) (citing cases).  Plaintiff responds that because it has established coverage with respect to its claim with Defendant, it is entitled to discovery of the other claim files as well.  However, Plaintiff has pointed to and the undersigned was unable to locate any caselaw permitting discovery of other claim files in which coverage has not yet been determined.  Indeed, in conducting its own research, the Court is convinced Defendant's position is correct.  In Hurley Mayfair House Ass'n, Inc. v. QBE Ins. Corp., 09-cv-80359, 2010 WL 472827, at *4 (S.D. Fla. Feb. 5, 2010), the court held that in a bad faith claim where the plaintiff seeks punitive damages, the plaintiff would be able to discover other insured claims files.  The court observed that the Florida Supreme Court had not issued a definitive ruling on the issue and therefore,

---

[1] Along with this production, Defendant was instructed to provide the Court and Plaintiff with a revised copy of its privilege log showing only those documents being withheld on the basis of attorney-client privilege.  (Doc. 54, p.9).

the court had to predict how the Florida Supreme Court would rule on the applicability of the attorney client privilege to other insured claim file materials. In so predicting, the Hurley court held:

> this court predicts that the Florida Supreme Court would interpret Ruiz to permit discovery of other insured claim file materials in the insurance bad faith context **subject to the same limitations governing discoverability of the insured's own claim file** outlined in Ruiz.

Hurley Mayfair House Ass'n, Inc., 2010 WL 472827 at *4, n4 (emphasis added). Accordingly, the undersigned finds that Plaintiff may discover information in other claim files only after the coverage issue in those cases has been determined.

Having determined Defendant need not turn over material from open or pending claim files, the Court must next determine whether Defendant has adequately shown that the two claim files listed in its privilege log as being open/pending (claims FCE 1008 and 2015) are indeed open/pending. Plaintiff argues that claim FCE 2015 is no longer open or pending. Plaintiff attached a copy of the Notice of Voluntary Dismissal in the coverage litigation for that claim. Plaintiff states that after it filed its complaint in state court in the coverage dispute, Defendant agreed to pay the claim. Defendant acknowledges that claim FCE 2015 is "not currently the subject of coverage litigation," however asserts that it "lacks any determination as to coverage." (Doc. 57, p.6). Although the Court is skeptical that Defendant will be able to do so, it will permit Defendant an opportunity to show claim 2015 is not subject to discovery. Defendant shall file a legal memorandum of no more than ten pages citing to relevant legal authority for the proposition that coverage has not been established with respect to claim 2015. This memorandum shall be filed no later than **November 8, 2013**. Plaintiff may file a responsive memorandum no later than **November 15, 2013**. Should

Defendant find it cannot make a sufficient showing, Defendant shall produce responsive documents from the claim 2015 file as directed below.

As for the remaining discovery, Defendant is hereby directed, to the extent it has not already, to produce the information required by the Court's May 15, 2013 Order (Doc. 54) except that Defendant need not produce any material contained in files where coverage has not yet been determined.  Defendant shall produce this information no later than **November 22, 2013**.

Accordingly, after due consideration, it is

**ORDERED:**

The Defendant's Motion for Reconsideration (Doc. 57) is **GRANTED in part** as provided in the body of this Order.

**DONE** and **ORDERED** in Jacksonville, Florida this  1st  day of November, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record